UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICA L. TUCKER,<br><br>                  Plaintiff,<br><br>v.<br><br>SCHIFF HARDIN, LLP.<br><br>                  Defendant. | Civil Action No.<br><br>**COMPLAINT AND<br>JURY DEMAND** |

Erica L. Tucker (hereinafter "Tucker" or "Plaintiff"), by and through her counsel, Pashman Stein Walder Hayden, a Professional Corporation, by way of complaint against Defendant, Schiff Hardin, LLP, (hereinafter "Schiff Hardin"), says:

### NATURE OF THE ACTION

1. This is a civil action for damages and other remedies brought by Tucker in connection with the termination of her employment in violation of the Family & Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. and violation of the New York City's Human Rights Law, New York City Administrative Code § 8-101 to 8-131.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and under the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

3. In addition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states as required under 28 U.S.C. § 1332(a).

4. Personal jurisdiction and venue are proper in this district because Schiff Hardin has a primary place of business in New York and the Southern District of New York is the judicial district in which a substantial part of the events giving rise to the claims occurred.

## PARTIES

5. Plaintiff, Tucker, is an individual residing at 73 Courter Street, Maplewood, New Jersey 07040.

6. Plaintiff is an "eligible employee" under the FMLA because she was employed with Schiff Hardin for over 12 months and had worked over 1,250 hours during the 12-month period preceding her medical leave.

7. Defendant Schiff Hardin is, on information and belief, a limited liability partnership with an office located at 666 Fifth Avenue, Suite 1700, New York, New York 10103.

8. Defendant is an "employer" within the meaning of the FMLA, specifically, Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

9. Plaintiff is a "person" under § 8-102(1) of the New York City Human Rights Law.

10. Defendant is an "employer" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

## FACTS

11. Plaintiff began her employment with Schiff Hardin in the fall of 2008 and was employed as a legal secretary.

12. Plaintiff primarily worked in the firm's Intellectual Property department and received excellent performance evaluations every year since early in her employment.

13. In May of 2015, Plaintiff experienced some medical issues and took approximately a one month of leave of absence from Schiff Hardin pursuant to FMLA.

14. In December of 2016, Plaintiff had a reoccurrence of the same issues and took another FMLA leave, from January 3, 2017 to February 20, 2017.

15. When Plaintiff returned to work in February of 2017, she was reassigned to Schiff Hardin's Trusts and Estates Department and began working for several new attorneys.

16. In July of 2017, Plaintiff began experiencing problems with her eye.

17. Plaintiff was diagnosed with ocular papilledema in or about September of 2017.

18. After her diagnosis, Plaintiff notified her supervisor, Joann Stegner, as well as the attorneys that she worked for about her condition and told them she would need to take off a few hours every week for treatment.

19. Plaintiff was told that she could use her accrued vacation times for these treatments.

20. In October of 2017, Plaintiff received an unfavorable performance review, the first such unfavorable performance review she had received from the firm since the beginning of her employment. By way of comparison, in her December, 2016 review, Plaintiff was described as a "superstar."

21. On November 1, 2017, Plaintiff was placed on a Performance Improvement Plan ("PIP") and was notified that she had 30 days to improve her performance.

22. Plaintiff was fired on November 17, 2017, before the 30 day time-frame allocated to her in the Performance Improvement Plan.

23. The so-called performance deficiencies described in the October, 2017 performance review and the November, 2017 PIP were minor and exaggerated and were a pretext for the real reason that Plaintiff was terminated: the unjustified conclusion that she could no longer be relied on to do her job because of her disabilities. Because such conclusions were reached in the course of a protected leave under the FMLA and resulted in a decision that would prevent her from taking a further leave, Defendant violated Plaintiff's rights under that statute by retaliating against her and by interfering with her federally-protected rights. Because Defendant terminated Plaintiff based on an erroneous conclusion that her disabilities prevented her from performing her job, Defendant's actions constitute disability discrimination in violation of the New York City Administrative Code.

## COUNT I

### Retaliation in Violation of FMLA

24. Plaintiff repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

25. Plaintiff exercised her rights under the FMLA by taking leave from January 3, 2017 to February 20, 2017, for purposes of medical treatment and recuperation.

26. After her return to employment and on her revelation of new medical problem in the later part of 2017, Plaintiff received an unfavorable performance review and was ultimately terminated before being given an opportunity to improve any alleged performance issues. The so-called performance issues were minor and exaggerated simply to justify Plaintiff's ultimate termination.

27. Defendant retaliated against Plaintiff for taking FMLA leave in January and February of 2017. As a result of Defendant's actions, Plaintiff suffered and continues to suffer substantial losses including loss of income and loss of employment benefits.

28. Defendant's conduct constitutes a violation of 29 U.S.C. § 2615(a)(1).

## COUNT II

### Interference with FMLA

29. Plaintiff repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

30. In September of 2017, Plaintiff identified a medical condition and the need for intermittent leave to seek treatment for the condition, which leave was protected under the FMLA. Defendant failed to designate the leave as protected under the FMLA and then interfered with the leave by discharging her.

31. As a result of Defendant's actions, Plaintiff suffered and continues to suffer substantial losses including loss of income, loss of employment benefits, and emotional distress.

32. Defendant's conduct constitutes a violation of 29 U.S.C. § 2615(a)(2).

## COUNT III

### Disability Discrimination Under New York City's Human Rights Law, New York City Administrative Code, §§ 8-101 to 8-131

33. Plaintiff repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

34. Pursuant to New York City's Human Rights Law, it is an unlawful discriminatory practice for an employer to discharge from employment an individual on the basis of her disability.

5

35. The medical condition for which Plaintiff took a leave of absence in January and February of 2017 was a "disability" as defined by the New York City Human Rights Law. §8-102(16)(a). Furthermore, Plaintiff's eye condition disclosed to Defendant in September of 2017 was a "disability" as defined by the New York City Human Rights Law. §8-102(16)(a). Defendant terminated Plaintiff's employment because of those disabilities.

36. By terminating Plaintiff's employment because of her medical conditions, Defendant unlawfully discriminated against Plaintiff on the basis of her disability in violation of the New York City Human Rights Law.

37. Defendant's conduct towards Plaintiff constituted willful discrimination and a reckless indifference to Plaintiff's rights.

38. As a result of Defendant's actions, Plaintiff suffered and continues to suffer substantial losses including loss of income, loss of employment benefits, and emotional distress.

## COUNT IV

**Perceived Disability Discrimination Under New York City's Human Rights Law,
New York City Administrative Code, §§ 8-101 to 8-131**

39. Plaintiff repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

40. Pursuant to New York City's Human Rights Law, it is an unlawful discriminatory practice for an employer to discharge from employment an individual on the basis of a perceived disability.

41. Defendant terminated Plaintiff because of her perceived disability.

42. By terminating Plaintiff's employment because of perceived disability, Defendant violated the New York City Human Rights Law.

6

43. Defendant's conduct towards Plaintiff constituted willful discrimination and a reckless indifference to Plaintiff's rights.

44. As a result of Defendant's actions, Plaintiff suffered and continues to suffer substantial losses including loss of income, loss of employment benefits, and emotional distress.

## **PRAYER FOR RELIF**

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follow:

a. Declaring that the acts and practices complained of herein are in violation of FMLA (Counts I and II) and in violation of New York City's Human Rights Law (Counts III and IV);

b. Directing Defendant to make Plaintiff whole for all of the earnings that she would have received but for Defendant's discriminatory and unlawful conduct, including, but not limited to wages, bonuses, front-pay, and other lose employment benefits;

c. Directing Defendant to pay Plaintiff compensatory damages for mental anguish and emotional distress as authorized by the New York City Human Rights Law;

d. Directing Defendant to pay Plaintiff punitive damages for its intentional disregard of and reckless indifference of Plaintiff's rights as authorized by the New York City Human Rights Law;

e. Awarding Plaintiff the costs of this action together with reason attorney's fees, as authorized by the New York City Human Rights Law;

f. Awarding Plaintiff pre-judgment interest and post-judgment interest;

g. Awarding such other and further relief as the Court may deem equitable and just.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on each and every issue so triable.

                                                               **PASHMAN STEIN WALDER HAYDEN**
                                                               **A Professional Corporation**
                                                                Attorneys for Plaintiff
                                                               Erica L. Tucker

Dated:  February 6, 2018                      By:  /s/ Samuel J. Samaro
                                                                       SAMUEL J. SAMARO

                                                              Court Plaza South
                                                              21 Main Street – Suite 200
                                                              Hackensack, New Jersey 07601
                                                              (201) 488-8200
                                                              ssamaro@pashmanstein.com